**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Rebekah Langford,<br>Plaintiff, | No. 21-cv-003724 |
| v. | |
| Denis McDonough, as Secretary, U.S.<br>Department of Veterans Affairs,<br>U.S. Department of Veterans Affairs.<br>DEMANDED | JURY |

## COMPLAINT

NOW COMES the plaintiff, Rebekah Langford, by her attorneys, Justin G. Randolph, and Philip S. Holloway, and as and for her first amended complaint against Denis McDonough, Secretary, U.S. Department of Veterans Affairs, states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.     This is an action for equitable relief and damages for discrimination and retaliation in federal employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. 791 *et seq.*

2.     This court has jurisdiction over the claims for relief alleged in this complaint pursuant to 28 U.S.C. §1331.

3.     Venue is proper in this court since all the acts of discrimination and retaliation alleged in the complaint occurred within this judicial district.

## PARTIES

4.     Rebekah Langford, a disabled woman with prior protected activity, was at all relevant times, employed by the U.S. Department of Veterans Affairs at Jesse Brown VA Medical Center, Chicago, Illinois ("Defendant" or "Agency").

5.     Denis McDonough is the Secretary of the U.S. Department of Veterans Affairs and, as such, is the proper party defendant herein since he is responsible for the administration and enforcement of all laws, rules and regulations relating to harassment, discrimination, and retaliation for employees under the jurisdiction of the Agency including those employees employed at Jesse Brown VA Medical Center.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     All conditions precedent to suit have been complied with in that Plaintiff filed a timely complaint of discrimination, Case No. 200J-0537-2020102393, based on disability and retaliation with the Agency's Office of Resolution Management.

7.     On April 15, 2021, the Office of Employment Discrimination Complaint Adjudication issued a final agency decision. This complaint is filed within (90) days of receipt of the final agency decision.

## FACTS COMMON TO ALL COUNTS

8.     Rebekah Langford ("Plaintiff") began working at Jesse Brown VA Medical Center in June 2019 as a Food Service Systems Dietitian, GS-11.

9.     Plaintiff's first-level supervisor was Michelle Angarita ("Angarita"), Food Operations Manager, Nutrition and Food Service.

10.     Plaintiff's second-level supervisor was Laura Dolezal ("Dolezal"), Assistant Chief, Food and Nutrition Service.

11.     Plaintiff's third-level supervisor was Jolie Lewis-Rubin ("Lewis-Rubin"), the Chief of the Service.

12.     In September 2019, Plaintiff received a successful performance evaluation.

13.     In December 2019, Plaintiff was diagnosed with a mental health condition which impairs her sleep, focus, and memory, among other things, and was impacting her work.

14.     Also in December 2019, Plaintiff requested accommodations for her disability.

15.     To that end, Plaintiff met with her supervisor, Angarita and the Local Reasonable Accommodation Coordinator ("LRAC"), Christopher Glover ("Glover").

16.     Plaintiff's physician recommended a variety of accommodations for Defendant to implement so that Plaintiff could perform the essential functions of her job, including placing Plaintiff in a quiet, separate workspace where she could perform her duties more successfully as it would allow her to focus on her detail-oriented duties more readily.

17.     On several occasions, Plaintiff provided medical documentation to Glover.

18.     VA Policy, contained in VA Handbook 5975.1, states the supervisor must "Ensure that accommodation decisions are made as expeditiously as feasible, and that accommodations granted are provided timely, usually within thirty (30) or fewer calendar days from the date of the request.

19.     Defendant did not provide an accommodation, or decision on Plaintiff's accommodation request, within 30 days and had no good cause for the delay.

20.     Defendant did not provide an interim accommodation for Plaintiff, as required by VA policy, where there is a delay in acquiring the accommodation.

21.     Plaintiff's supervisor and the LRAC did not engage in the interactive process with Plaintiff, rather they unilaterally told Plaintiff what they were willing to do.

22.     Plaintiff's physician provided additional documentation supporting Plaintiff's accommodation request.

23.     Rather than move Plaintiff to a quiet space, Angarita told Plaintiff she could move to another shared space, which had 4 workstations rather than 5, but that did not meet Plaintiff's medical needs and she explained as much to Angarita and Glover.

24.     Plaintiff's requested accommodation would not have caused an hardship for Defendant.

25.     Plaintiff contacted her union and, during a meeting with Angarita and Lewis-Rubin, Plaintiff again raised her disability and need for an accommodation.

26.     Lewis-Rubin questioned the validity of Plaintiff's diagnosis and need for an accommodation.

27.     After Plaintiff requested accommodations, her supervisors started indicating that she was performing a variety of tasks and duties incorrectly.

28.     Prior to Plaintiff requesting an accommodation, Plaintiff supervisors did not indicate they had any problem with the way she was performing her duties and had even indicated Plaintiff was performing them correctly.

29.     After Plaintiff requested accommodations, she was also treated differently from co-

workers.

30.     For example, Plaintiff was not allowed to adjust her schedule in the same manner as her co-workers, she was treated differently with respect to employment-related exams.

31.     Defendant presented Plaintiff with an accommodation decision on February 10, 2020, but it did not meet her needs and was not generated through an interactive process.

32.     On February 14, 2020, Plaintiff contacted Defendant's Office of Resolution Management to file a complaint ("EEO complaint").

33.     Also on February 14, 2020, Defendant offered Plaintiff Alternative Dispute Resolution ("ADR").

34.     On February 25, 2020, Plaintiff waived her right to complain anonymously.

35.     Also on February 25, 2020, the facility Director was notified of Plaintiff's EEO complaint.

36.     Plaintiff agreed to ADR on February 25, 2020.

37.     On February 26, 2020, Plaintiff requested leave due to illness.

38.     On February 27, 2020, Defendant issued a letter terminating Plaintiff.

39.     Plaintiff received the letter on February 28, 2020, while at home.

40.     In its letter dated February 27, 2021, Defendant accused Plaintiff of having unsatisfactory performance and conduct.

41.     Prior to her termination, Plaintiff's supervisors rated her performance as fully successful or higher.

42.     At no point, prior to Plaintiff's receipt of Defendant's termination letter, did Defendant

indicate Plaintiff was at risk of being terminated for any reason.

43.     Defendant did not begin investigating Plaintiff until Plaintiff requested an accommodation.

44.     Plaintiff did not terminate Plaintiff until she contacted the ORM to lodge an EEO complaint.

45.     Defendant's agents at the Jesse Brown VA Medical Center have terminated, or taken other adverse actions against, more than one employee after the employee has sought a reasonable accommodation.

46.     On April 15, 2020, Plaintiff filed her formal complaint ("4939') for disability discrimination, disparate treatment, failure to accommodate, failure to train, a hostile work environment, and her termination.

## COUNT I
### Violation of the Rehabilitation Act

49.     Plaintiff repeats and re-alleges the aforementioned paragraphs as if fully set forth in this Count.

50.     The Agency, through the actions of its employees the VA violated Plaintiff's rights under the Rehabilitation Act.

51.     The Agency's failure to engage in the interactive process in good faith constitutes a violation of the Rehabilitation Act.

52.     The Agency's failure to provide a reasonable interim accommodation constitutes a violation of the Rehabilitation Act.

53.     The Agency's failure to reasonably accommodate plaintiff constitutes a violation of

the Rehabilitation Act.

54.     Defendant's explanation for its conduct is pretext for discrimination and an attempt to hide its failure to comply with its legal obligations under the Rehabilitation Act.

55.     As a proximate result of the acts and omissions on the part of defendant, Plaintiff has suffered damage to her career, physical, psychological, and emotional injury, compensable damages, and other substantial and irreparable injury.

WHEREFORE, plaintiff prays for relief and damages including the following:

a)     Trial by jury on the allegations raised in this complaint and reasonably related to those filed with ORM;

b)     That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c)     That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing all other practices shown to be in violation of applicable law;

d)     That plaintiff recover from defendant compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non-wage losses and any other damages to which plaintiff may be entitled under other applicable laws, rules, or regulations;

e)     That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee

Award Act of 1975, 42 U.S.C. §1988 and any other fee-shifting statutes; and

f)      Such other and further relief as this Court deems just or appropriate under the circumstances.

## COUNT II
### Interference with Rights under the Rehabilitation Act

56.     Plaintiff repeats and re-alleges the aforementioned paragraphs as if fully set forth in this Count.

57.     Defendant, through its employees, engaged in persistent and intentional efforts to undermine plaintiff's exercise of her rights under the Rehabilitation Act.

58.     As a proximate result of the acts and omissions on the part of defendant, Plaintiff has suffered damage to her career, physical, psychological, and emotional injury, compensable damages, and other substantial and irreparable injury.

WHEREFORE, plaintiff prays for relief and damages including the following:

a)      Trial by jury on the allegations raised in this complaint and reasonably related to those filed with ORM;

b)      That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c)      That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing all other practices shown to be in violation of applicable law;

d)      That plaintiff recover from defendant compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and other non- wage losses and any other damages to which plaintiff may be entitled under other applicable laws, rules, or regulations;

e)      That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1975, 42 U.S.C. §1988 and any other fee-shifting statutes; and

f)      Such other and further relief as this Court deems just or appropriate under the circumstances.

### Count III
### Retaliation in violation of the Rehabilitation Act

59.      Plaintiff repeats and realleges the aforementioned paragraphs as if fully set forth in this Count.

60.      Plaintiff engaged in protected activity when she asked Defendant for an accommodation.

61.      Plaintiff engaged in protected activity when she contacted Defendant's Office of Resolution Management to lodge a complaint.

62.      Plaintiff engaged in protected activity when she participated in the Alternative Dispute Resolution process.

63.      Defendant was aware of plaintiff's protected activity.

64.      In response to her protected activity, Defendant took several actions including: denying or delaying accommodations, subjecting Plaintiff to heightened scrutiny, treating Plaintiff differently than her peers, and terminating Plaintiff.

65.     Defendant treated individuals without protected activity more favorably.

66.     Defendant's conduct was such that it would deter a reasonable person from engaging in protected activity.

67.     Defendant's explanation for its conduct is pretext for retaliation.

68.     The purposeful interference with her continued federal employment for retaliatory reasons caused plaintiff to suffer emotional distress, psychological injury, mental distress, anxiety, sleeplessness, loss of enjoyment of life and other compensable damages.

69.     As a proximate result of the acts and omissions on the part of defendant, Plaintiff has suffered damage to her career, physical, psychological, and emotional injury, compensable damages, and other substantial and irreparable injury.

WHEREFORE, plaintiff prays for relief and damages including the following:

a)     Trial by jury on the allegations raised in this complaint and reasonably related to those filed with ORM;

b)     That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Acts cited;

c)     That this Court permanently enjoin defendant, its agents, successors, officers, employees, and those acting in concert with them, from engaging in each of the unlawful practices, polices, customs and usages set forth herein, and from continuing all other practices shown to be in violation of applicable law;

d)     That plaintiff has and recover from defendant compensatory damages for emotional pain, suffering, physical injury, inconvenience, mental anguish and

other non- wage losses and any other damages to which plaintiff may be entitled under other applicable laws, rules, or regulations;

e)      That plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1975, 42 U.S.C. §1988 and any other attorney fee statutes; and

f)      Such other and further relief as this Court deems just or appropriate under the circumstances.

Respectfully submitted,
**REBEKAH LANGFORD,**


/s Justin G. Randolph
Justin G. Randolph
Randolph & Holloway LLC
53 W. Jackson Blvd., Suite 1234
Chicago, IL 60604
(312) 663-1560
(312) 277-7432 (fax)
justin@randolph-holloway.com